FILED

2010 Apr-20  PM 02:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | | |
|---|---|---|
| COLONY INSURANCE COMPANY, | ] | |
| | ] | |
| Plaintiff, | ] | |
| | ] | |
| vs. | ] | 6:09-CV-00255-J |
| | ] | |
| CRAIG ENTERPRISES, LLC, d/b/a | ] | |
| O'MALLEY'S TAVERN, et al., | ] | |
| | ] | |
| Defendants. | ] | |

MEMORANDUM OF OPINION

I.    Introduction.

The Court has for consideration a motion for summary judgment, which was filed by the plaintiff, Colony Insurance Company ("Colony"), on February 11, 2010.  (Doc. 23.)  Colony initiated this declaratory judgment action on February 9, 2009, seeking a declaration from the Court that it has no duty to defend and/or indemnify defendant Craig Enterprises, LLC, d/b/a O'Malley's Tavern ("O'Malley's"), with respect to claims filed by defendant Valentyn Polukhin in the Circuit Court of Walker County, Alabama.  (Doc. 1.) The issues raised in Colony's motion have been briefed by the parties and

are ripe for decision.  Upon full consideration of the legal arguments and

evidence presented, Colony's motion for summary judgment will be granted.

II.    Facts.[1]

Colony Insurance Company issued a Commercial General Liability

("CGL") insurance policy to Craig Enterprises, LLC, d/b/a O'Malley's Tavern,

effective from January 2, 2006, through January 2, 2007 ("the Policy").

The Policy reads, in part:

> **SECTION I - COVERAGES**
>
> **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1. Insuring Agreement**
>
> a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking

---

[1]The facts set out in this opinion are gleaned from the parties' submissions of facts claimed to be undisputed, the facts submitted in the parties' Joint Status Report, and the Court's own examination of the evidentiary record.  All reasonable doubts about the facts have been resolved in favor of the nonmoving party.  *See Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002).  These are the "facts" for summary judgment purposes only.  They may not be the actual facts.  *See Cox v. Adm'r U.S. Steel & Carnegie Pension Fund*, 17 F.3d 1386, 1400 (11th Cir. 1994).

damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or, "suit" that may result.

. . .

b.      This insurance applies to "bodily injury" and "property damage" only if:

(1)   The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(2)   The "bodily injury" or "property damage" occurs during the policy period; and . . .

The policy provides the following definitions:

**SECTION V - DEFINITIONS**

. . .

3.      "Bodily Injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

4.      "Coverage territory" means:

a.      The United States of America (including its territories and possessions), Puerto Rico and Canada;

b.      International waters or airspace, but only if the injury or damages occurs in the course of travel and transportation between any places included in a. above; or

c.      All other parts of the world if the injury or damages arises out of:

(1)    Goods or products made or sold by you in the territory described in a. above;

(2)    The activities of a person whose home is in the territory described in a. above, but is always for a short time on your business; or

. . .

13.    "Occurrence" means an accident, including continuos or repeated exposure to substantially the same general harmful conditions.

(Doc. 25, Ex. C.)  The Policy also contains an endorsement with respect to the CGL coverage for obligations arising from assault and battery.   The endorsement ("Assault and Battery Exclusion") states:

> **SECTION I - COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions and SECTION I - COVERAGES, COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY, 2. Exclusions** is amended and the following added:
>
> **Assault and Battery**
>
> This insurance does not apply to damages or expenses due to "bodily injury", "property damage" or "personal and advertising injury" arising out of or resulting from:
>
> (1)    Assault and Battery committed by any person;
>
> (2)    The failure to suppress or prevent assault and battery by any person;

(3)  The failure to provide an environment safe from assault and battery or failure to warn of the dangers of the environment which could contribute to assault and battery;

(4)  The negligent hiring, supervision, or training of any person;

(5)  The use of any force to protect persons or property whether or not the "bodily injury" or "property damage" was intended from the standpoint of the insured or committed by or at the direction of the insured.

ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED.

(*Id.*, Ex. D.)

On or around May 19, 2008, Valentyn Polukhin, an Alabama resident, filed a civil action against O'Malley's in the Circuit Court of Walker County, Alabama.  The action is styled *Polukhin v. Craig Enterprises, LLC d/b/a O'Malley's Tavern*, No. CV08-900150 ("Underlying Litigation").  (Polukhin Dep., Pl. Ex. 1.)  In the complaint ("Underlying Complaint"), Polukhin asserts the following fact: "On or about the 20th day of May, 2006, Plaintiff was a guest at O'Malley's place of business and was thrown through a glass window and caused to suffer injuries."  (*Id.*, Pl. Ex. 1 ¶ 4.)  Polukhin

subsequently alleges that O'Malley's is liable for negligence or wantonness regarding the provision of security and the design, installation, maintenance, and repair of the premises, "particularly as to the glass windows." (*Id.*, Pl. Ex. 1 ¶¶ 5-7.)  "As a proximate result of the said negligence and wantonness," Polukhin maintains he "suffered traumatic bodily injury, causing pain, suffering, mental anguish, and causing the Plaintiff to seek medical treatment, incur medical expenses and suffer loss of income." (*Id.*, Pl. Ex. 1 ¶ 8.)

The evidence shows that on the night of May 20, 2006, Polukhin was talking to several women outside O'Malley's.  Polukhin testified that the women were being rude and cursing at him, when he was just trying to be nice. (*Id.* at 27.)  According to Polukhin, a male then came up behind him and pushed him into an O'Malley's window. (*Id.*)  Polukhin went head-first through the window, which shattered.  The unidentified male then ran away.  Polukhin testified that he was certain the individual pushed him on purpose. (*Id.* at 28, 32.)

Walt Windham witnessed the incident.  Windham volunteers at O'Malley's and takes money at the door.  According to Windham, Polukhin

grabbed one of the women's buttocks, and another man "defend[ed] the honor of his woman."  (Windham Dep. at 32.)  Windham testified that Polukhin first grabbed the other man aggressively around his arms, the two spun around, and they went through the window.  (*Id*. at 32, 43, 47-48.)

After receiving the Underlying Complaint, O'Malley's notified Colony of the lawsuit.  Colony is currently providing a defense to O'Malley's under the policy, subject to a reservation of rights.  Colony agrees that, absent some exclusion in the policy, the CGL coverage applies to the negligence claims against O'Malley's.  However, Colony maintains that coverage does not apply to Polukhin's claim against O'Malley's because the claims fall under the Assault and Battery exclusion.

III.    Standard.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and

identifying those portions of [the evidence] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The movant can meet this burden by presenting evidence showing that there is no genuine dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id*. at 322-23.  In evaluating the arguments of the movant, the court must view the evidence in the light most favorable to the nonmoving party. *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996).

Once the moving party has met his burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)).  "A factual dispute is genuine only if a 'reasonable jury could return a verdict for the nonmoving party.'" *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002) (quoting *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991)).

If there are no genuine issues of material fact and a declaratory judgment is sought, the district court should grant summary judgment if there is but one reasonable conclusion under the substantive law governing the case. *Silverstein v. Gwinnett Hosp. Authority*, 861 F.2d 1560, 1563 (11th Cir. 1988) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250-52 (1986)).

IV.    Discussion.

In its motion for summary judgment, Colony seeks a declaration that it has no duty to defend and/or indemnify O'Malley's with respect to claims filed by Polukhin in the Circuit Court of Walker County, Alabama.  The parties agree that the CGL coverage in this case applies to negligence claims brought against O'Malley's, absent some exclusion in the policy.  (Docs. 25 at 6 ¶ 6; 26 at 2.)  However, Colony maintains that the Assault and Battery Exclusion applies to bar coverage of Polukhin's claims.

Jurisdiction in this case arises out of diversity of citizenship under 28 U.S.C. § 1332, and the parties do not dispute that Alabama law governs the interpretation of the insurance contract at issue.  Under Alabama law, the

insurer generally "bears the burden of proving the applicability of any policy

exclusion." *Acceptance Ins. Co. v. Brown*, 832 So. 2d 1, 12 (Ala. 2001).

The Alabama Supreme Court has defined "assault and battery" in the

following manner:

> A successful assault becomes a battery. A battery
> consists in an injury actually done to the person of
> another in an angry or revengeful or rude or insolent
> manner. . . . The wrong here consists, not in the
> touching, so much as in the manner or spirit in which
> it is done. . . . Thus, to lay hands on another in a
> hostile manner is a battery. . . .

*Id.* (quoting *Singer Sewing Machine Co. v. Methvin*, 63 So. 997, 1000 (1913).

In this case, evidence clearly establishes that Polukhin's injuries arose from

assault and battery.  It is worth noting that O'Malley's never argues that an

assault and battery involving Polukhin did not take place on May 19, 2008.

(Doc. 25.)  Polukhin, himself, testified that he believes he was pushed into

the window on purpose.  His complaint states that he was "thrown through"

the window.  O'Malley's also admits that all witnesses to the incident

indicate that Polukhin went through the window as a result of purposeful

contact.  (Docs. 24 at 6 ¶ 17; 25 at 3-4.)  O'Malley's only argues that

Windham's testimony contradicts Polukhin's account of what occurred on

the night in question.  (Doc. 25 at 4 ¶ 20.)  Windham testified that Polukhin aggresively grabbed the alleged attacker first, whereas Polukhin testified that he never saw the man who initiated the contact and pushed him into the window.  The differing testimony, however, is not material to the Court's determination that Polukhin's injuries arose from assault and battery.  The Assault and Battery Exclusion applies when assault and battery is committed by "any person."  It is not relevant to this Court whether Polukhin initiated an assault and battery, or the unidentified male did so.

Because Polukhin seeks damages in the Underlying Litigation for bodily injury arising out of or resulting from assault and battery, the Assault and Battery Exclusion applies, and no insurance coverage exists under the CGL policy issued to O'Malley's.

Under the terms of the policy issued to O'Malley's, the duty to defend depends upon the existence of insurance coverage.  However, "[i]t is well settled 'that an insurer's duty to defend is more extensive than its duty to indemnify.'"  *Acceptance Ins. Co. v. Brown*, 832 So. 2d 1, 14 (Ala. 2001) (quoting *United States Fid. & Guar. Co. v. Armstrong*, 479 So. 2d 1164, 1168 (Ala. 1985)).  "Whether an insurance company owes its insured a duty to

provide a defense in proceedings instituted against the insured is determined primarily by the allegations contained in the complaint." *Id.* "If the allegations of the injured party's complaint show an accident or occurrence within the coverage of the policy, then the insurer is obligated to defend, regardless of the ultimate liability of the insured." *Id.* (citing *Ladner & Co. v. S. Guar. Ins. Co.*, 347 So. 2d 100, 102 (Ala. 1977)). "When a complaint alleges both acts covered under the policy and acts not covered, the insurer is under a duty to at least defend the allegations covered by the policy." *Id.* O'Malley's argues that Colony has a duty to defend because of the wording of the Underlying Complaint. O'Malley's contends that the allegations of the complaint do not specifically allege assault and battery; therefore, Colony should be required to defend Polukhin's negligent installation, maintenance, and repair of a window claim. (Doc. 25 at 11-16.)

However, the Alabama Supreme Court "has rejected the argument that the insurer's obligation to defend must be determined solely from the facts alleged in the complaint in the action against the insured." *Id.* (quoting *Ladner*, 347 So. 2d at 103). In deciding whether a complaint

alleges an injury within the coverage of an insurance policy, "the court is not limited to the bare allegations of the complaint in the action against [the] insured but may also look to facts which may be proved by admissible evidence . . . ." *Id.* (quoting *Pacific Indem. Co. v. Run-A-Ford Co.*, 161 So. 2d 789, 795 (Ala. 1964)).  "In order to invoke an exclusion in denying a defense, the insurer bears the burden of pointing to allegations of the complaint or other available evidence by which the claim was clearly excludable." *Universal Underwriters Ins. Co. v. Stokes Chevrolet, Inc.*, 990 F.2d 598, 605 (11th Cir. 1993) (citing *Armstrong*, 479 So.2d at 1168).  "If the insurer fails to establish such evidence, the insurer bears a duty to defend even if subsequent developments indicate circumstances that would render the claim excludable." *Id.* at 605-06 (citing *Armstrong*, 479 So. 2d at 1168-69).

As decided above, the evidence in this case clearly establishes the injuries alleged in the Underlying Complaint arose out of or resulted from assault and battery.  The Assault and Battery Exclusion applies, and Colony has no duty to defend O'Malley's in the Underlying Litigation.

V.    Conclusion.

For the reasons stated above, Plaintiff's motion for summary judgment is due to be GRANTED.  Colony has no duty to defend and/or indemnify O'Malley's with respect to the claims asserted by Polukhin in the Walker County litigation because his claims are precluded by the Assault and Battery Exclusion.  A separate order will be entered.

Done this <u>20th</u> day of <u>April 2010</u>.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
139297